## WRIGHT v. BRADLEY.

### No. 15273.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 14, 1951.

Rehearing Denied Oct. 12, 1951.

J. Lee Zumwalt and Burt Barr, both of Dallas, for appellant.

Kenner W. Clay, of Dallas, for appellee.

HALL, Chief Justice.

This appeal is from a judgment rendered by a district court of Dallas County in a damage suit brought by appellee E. L. Bradley against Fred Wright and Almon Browning, residents of Dallas County.

Appellee alleged that he and his wife were traveling in their Chevrolet car eastward on the main highway from Dallas to Garland, when Almon Browning, the driver of appellant's red truck, ran into their car, damaging it and injuring appellee and his wife.

Appellant answered by exceptions, general denial and cross action. Trial was to the court which rendered judgment for appellee and against appellant and said Browning for the sum of $3,050, denying any recovery under appellant's cross action.

Appellant's four points are predicated upon error of the trial court in rendering judgment for appellee because:

First, the introduction of the testimony of Mrs. Bradley was error, wherein she testified in substance that appellant's agent Browning told her he was driving the truck for appellant, such conversation having taken place approximately fifteen minutes after the accident occurred and about three blocks from where her car came to a stop.

Second, that his truck driver was guilty of a criminal act in deliberately running

into appellee's car, which action relieved appellant from liability.

Third, there is no evidence that said driver of the truck (appellant's agent) caused the injury and damage complained of, and,

Four, the amount of damage awarded by the judgment is excessive.

We find from the testimony of Mrs. Bradley and others that the conversation between her and the truck driver was res gestae. It happened as quickly as she could get out of her car and walk back to the truck. Be that as it may, appellant in his second amended answer sued appellee for the sum of $1,000 alleged due him because of appellee's negligent act in driving immediately in front of appellant's truck without warning. Such affirmative allegation establishes appellant's ownership of the truck, which is the substance of the conversation complained of.

There is neither evidence nor pleading to support appellant's theory that, as a matter of law, his truck driver's action in driving into appellee's car was purely of a criminal nature. This point is overruled.

Both appellee and his wife testified that on or about May 22nd they were driving toward the city of Garland and after they had driven beyond the city limits of Dallas they made a slight turn in the road. Mr. Bradley testified: "I looked through my rear view mirror and saw this red truck behind me going off into the gravel with its right front wheel and the next thing I knew this truck bumped into me and knocked me at an angle into the center lane and when I turned my wheel to go back into the lane where I belonged, then is when he caught my left back bumper and turned me into the ditch. * * * After he hit it was facing back towards town and then it turned completely over and half over again, and when it came to a rest, I was knocked unconscious."

We think the above evidence is sufficient to support the trial court judgment. There is other convincing testimony to the same effect.

We do not find the amount of the judgment excessive in the face of the testimony to the effect that appellee was knocked unconscious, and "my head, I guess, hit the top of the car. My hand was crushed and looked like a bunch of meat." In addition thereto, he testified, in substance, that his left shoulder, left arm, left hand and left leg were injured, there was a knot on the left side of his head, that the bone in his little finger was broken, which left it in a crooked condition, that his back was hurt and stiff and in a painful condition; that the left leg of appellee's wife was cut and mashed between the knee and ankle, that she was bruised about her shoulder and was left in a general stiff condition. For these injuries and damages to appellee's car the court rendered judgment for the sum of $3,050. There is ample testimony to the effect that the car damage was equal to $550.

Finding no error, the judgment of the trial court is affirmed.